UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

                Plaintiff,

           -against-

M SINGER INCORPORATED, MICHAEL SINGER,
DAVID SINGER, and
"JOHN DOE #1" THROUGH "JOHN DOE #12",
the last twelve names being fictitious and unknown to
plaintiff, being persons having or claiming an interest
in or lien upon the chattel described in the complaint,

                Defendants.

------------------------------------------------------------------x

JUDGE STEIN

06 CV 4288

**COMPLAINT**


RECEIVED
JUN 07 2006
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, Merrill Lynch Business Financial Services Inc., by its attorney, Spencer L. Schneider, complains of defendants as follows:

Parties

      1. Merrill Lynch Business Financial Services Inc. ("MLBFS") is incorporated under the laws of the State of Delaware with its principal place of business at 222 N. LaSalle Street, Chicago, IL 60601.

      2. Defendant M Singer Incorporated ("M Singer Inc.") is a New York corporation with its principal places of business at 608 Fifth Avenue, New York, NY 10020.

      3. Defendant Michael Singer resides at 55 E. 9th St., New York, NY 10003.

      4. Defendant David Singer resides at 5125 Flicker Field Circle, Sarasota, FL 34231.

      5. Upon information and belief, defendants "John Doe #1" through "John Doe #12", are fictitious and unknown to plaintiff, being persons having or claiming an interest in or lien

upon the chattel described hereinafter.

## Jurisdiction and Venue

6. Subject matter jurisdiction exists under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Venue exists under 28 USC §1391 because defendants M Singer Inc. and David Singer reside in this district.

## Facts

8. On September 7, 1999, M Singer Inc. entered into a WCMA Loan and Security Agreement (the "WCMA Note") under which MLBFS extended it a $1,100,000 commercial line of credit and M Singer Inc. promised to repay it.

9. In order to induce MLBFS to grant the line of credit and to extend monies to M Singer Inc., and in return for value received, on September 7, 1999, Michael Singer and David Singer (the "Singer Brothers") gave their absolute and unconditional guaranty of M Singer Inc.'s indebtedness to MLBFS ("Guaranty"). The Singer Brothers are principals of M Singer Inc.

10. Concurrent with the execution of the WCMA Note, M Singer Inc. granted plaintiff a security interest in all of its accounts, chattel paper, contract rights, inventory, equipment, fixtures, general intangibles, deposit accounts, documents and instruments, and all the proceeds (the "Chattel").

11. Under the WCMA Note, M Singer Inc. promised to repay to MLBFS all unpaid amounts of all monies lent by MLBFS to it, including interest and any late fees, and it waived, *inter alia*, presentment, demand for payment, protest, notice of protest, and notice of dishonor, notice of acceleration, notice of intent to accelerate and all other notices and formalities.

12. The line of credit established under the WCMA Note expired, making the entire indebtedness due and M Singer Inc. failed to repay it. By failing to repay the indebtedness and any other sums owing on the WCMA Note by the maturity date, M Singer Inc. breached the promise to pay under the WCMA Note, which constitutes an event of default.

13. When an event of default occurs under the WCMA Note, the indebtedness guaranteed under the Guaranty becomes "immediately due and payable", and the Singer Brothers are liable for the indebtedness according to their Guaranty.

14. On February 8, 2005, plaintiff and defendants executed a forebearance agreement ("Forebearance Agreement") under which defendants reaffirmed and admitted the indebtedness and agreed to repay it according to a schedule. In exchange, plaintiff agreed to forbear from exercising its rights conditional upon compliance with the repayment schedule.

15. The Forebearance Agreement provides that the failure to comply with the repayment schedule constitutes an event of default under the WCMA Note and Guaranty entitling plaintiff to exercise its rights and remedies specified under these agreements.

16. The Forebearance Agreement was amended on February 8, 2005, to allow defendants additional time to repay the indebtedness ("Amended Forebearance Agreement").

17. Defendants failed to comply with the amended repayment schedule contained in the Amended Forebearance Agreement and an event of default has occurred.

18. As of May 31, 2006, defendants owe MLBFS the sum of $439,412.64, which includes interest due under the loan through such date, exclusive of further accrued interest and attorneys' fees.

## FIRST CAUSE OF ACTION

19. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

20. The indebtedness owed and guaranteed by the defendants is outstanding and due.

21. Defendants breached the WCMA Note, Guaranty and amended forebearance agreement by failing to timely repay the indebtedness.

22. Plaintiff has been damaged as a result of defendants' breaches in the amount of $439,412.64, plus interest, attorneys' fees accrued in collecting the debt and court costs.

## SECOND CAUSE OF ACTION

23. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 22 above as though fully set forth herein.

24. At the time of the commencement of this action and at all relevant times stated, the plaintiff was entitled to possession of the Chattel by virtue of the breaches of the WCMA Note.

25. Defendants have wrongfully withheld the Chattel from plaintiff's possession.

26. The current aggregate value of the Chattel claimed in which plaintiff seeks possession is unknown, however, the requirement for an undertaking has been waived by the written consent of the parties in the WCMA Note.

WHEREFORE, plaintiff demands, against defendants, damages in the amount of $439,412.64, plus interest, attorneys' fees accrued in collecting the debt and court costs, plus possession of the Chattel.

Dated: New York, New York
       June 1, 2006

SPENCER L. SCHNEIDER (SS-2471)
Attorney for Plaintiff
70 Lafayette Street, 7th Floor
New York, NY 10013
Tel: (212) 233-7400
Fax: (212) 233-9713
sschneider@slsatty.com

4